THE ATTORNEY GENERAL
OF TEXAS



JOHN L. HILL
ATTORNEY GENERAL

April 24, 1975

The Honorable Thomas W. Brown                    Opinion No. H- 591
Director, Texas Board of Private
   Investigators & Private Security Agencies
959 Reinli Street, Suite 201                     Re:  Method of selection of
Austin, Texas  78751                             Chairman of the Texas Board
                                                 of Private Investigators and
                                                 Private Security Agencies.

Dear Mr. Brown:

        You have requested our opinion regarding the method of selection
of the chairman of the Texas Board of Private Investigators and Private
Security Agencies.

        The original act which created the Board provided, in section
5(4):

> one member shall be appointed by the Governor,
> with the advice and consent of the Senate, who is
> a citizen of the United States and a resident of the
> State of Texas, and who shall serve as Chairman.
> Acts 1969, 61st Leg. ch. 610, p. 1807.

The statute codified as article 4413 (29bb), V. T. C. S., was amended in
1971, and section 5(4) now provides:

> two members shall be appointed by the Governor,
> with the advice and consent of the Senate, who are
> citizens of the United States and residents of the
> State of Texas, one of whom shall serve as chairman....

        As the statute was originally enacted, it was clear that the
Governor should select the chairman.  The only substantive change in section
5(4) made by the 1971 amendment was the addition to the Board of a second
"citizen member." Although the amendment specified that the choice of a
chairman should be made from among the two "citizen members," it
furnished no other details regarding his selection.

We believe that the Legislature intended that the Governor continue to designate the chairman, primarily for the reason that the amendment failed to confer that power upon the Board. The original statute provided in section 12(b) that the Board should select its own vice-chairman and secretary:

> The board, including the representative of
> the director of the Department of Public Safety
> if he so designates one, shall elect from among
> its members a vice-chairman, and secretary to
> serve two-year terms commencing on September 1,
> of each odd-numbered year. Acts 1969, 61st Leg.
> ch. 610, p. 1807.

Section 12(b) has not been altered by subsequent amendment. It seems clear that had the Legislature intended in 1971 for the Board to begin selecting its own chairman, it would have affirmatively so provided, just as the statute provides for the Board to select its vice-chairman and secretary. It is a fundamental rule of construction that legislative intent should be ascertained from the whole of a statute, rather than from isolated portions. A&A Liquor Stores v. Texas Liquor Control Board, 342 S.W. 2d 783, 785 (Tex. Civ. App.--Austin 1961, writ ref'd n.r.e.). Dovalina v. Albert, 409 S.W. 2d 616, 620-21 (Tex. Civ. App. --Amarillo 1966, writ ref'd n.r.e.). In the absence of any indication that the Legislature intended to change the method by which the chairman is selected, it is our opinion that the Governor should designate the chairman of the Board from among his two "citizen member" appointees.

## SUMMARY

> The chairman of the Texas Board of Private Investigators
> and Private Security Agencies should be designated by the
> Governor from among his two "citizen member" appointees.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb